IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Frost, Jr., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Officer G. Toney, in his )<br>official and individual )<br>capacities, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 8:07-108-JFA-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant's motion for summary judgment (Docket Entry # 9), the plaintiff's motion for summary judgment (Docket Entry # 13), the plaintiff's motion to strike (Docket Entry # 12), and the plaintiff's motions for temporary restraining order and/or preliminary injunction (Docket Entries # 27, 28, and 35).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on January 12, 2007, seeking damages for alleged civil rights violations. On April 9, 2007, the defendant filed a motion for summary

judgment. On April 10, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 26, 2007, the plaintiff filed his own motion for summary judgment.

## **FACTS PRESENTED**

The plaintiff is currently a state inmate within the South Carolina Department of Corrections ("SCDC") housed at the Lieber Correctional Institution ("Lieber"). At the time of the events alleged in the complaint, the plaintiff was housed at the Special Management Unit ("SMU") at Lee Correctional Institution ("Lee").

In his complaint, the plaintiff alleges that on July 15, 2005, the defendant Officer Gary Toney refused to allow him to participate in outside recreation. (Compl. at 3.) He further alleges that while Officer Toney escorted the plaintiff to the shower, they had "an exchange of words" concerning the denial of outside recreation. (*Id.*) The plaintiff alleges that after he entered the shower handcuffed, Officer Elister Lee approached and asked the plaintiff what was the problem. (*Id.*) He alleges that before he could respond, Officer Toney sprayed him with chemical munitions. (*Id.*) The plaintiff alleges he fell to the floor and that Officer Toney stated he was going to teach him. (Compl. at 3.) He alleges Officer Toney slammed his head into the steel bars of shower door which caused the plaintiff to lose consciousness. (*Id.*) When he regained consciousness, he felt blood running down his face. (Compl. at 4.) He alleges Officer Toney held his head to the floor and

repeatedly administered bursts of chemical munitions to his face. (*Id.*) He alleges Lee stopped Officer Toney and they then dragged the plaintiff back to his cell. (*Id.*) He alleges Corporal Johnson took several pictures of the plaintiff before he was transported to the hospital. (*Id.*) The plaintiff required six stitches and he alleges he now suffers form migraines and seizures as a result of his injury. (*Id.*)

In response, Officer Toney contends the plaintiff stated that he was not going to come out of the shower and even after he directed the plaintiff to come out of the shower, the plaintiff still refused. (Def.'s Mem. Supp. Summ. J. Mot. Ex. 3 - Toney's Aff. ¶¶ 8-10.) Officer Toney contends he attempted to remove the plaintiff from the shower by grabbing his forearm and that the plaintiff pulled away from Officer Toney and continued to refuse to exit the shower. (*Id*. ¶¶ 10-11.) Officer Toney states he then sprayed the plaintiff with chemical munitions. (Id. ¶ 10.) Officer Toney states he again attempted to have the plaintiff exit the shower but the plaintiff continued to resist and slipped and fell on the wet floor hitting his head on the shower door. (Id. ¶ 11.) Officer Toney states that Lee noticed that the plaintiff was bleeding and they then returned the plaintiff to his cell and contacted medical personnel and their supervisors. (Toney Aff. ¶ 12.) Upon returning to his cell, Officer Toney states that the plaintiff threatened to kill him and Lee. (*Id*. ¶ 13.)

In his complaint, the plaintiff contends that his Eighth Amendment rights were violated by the denial of outside recreation time. (Compl. at 4.) He also contends he was subjected to cruel and unusual punishment when he was restrained and repeatedly

3

maced. (*Id.* at 5.) Finally, the plaintiff contends Officer Toney used excessive force when he threw the plaintiff into the steel bars of the shower door. (*Id.*)  The plaintiff is seeking $500,000 for each of his three claims and punitive damages. (*Id.*)

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

Initially, the court notes that the plaintiff has brought this action against the defendant Officer Toney in both his official and individual capacities. (Compl. at 1.) However, Officer Toney in his official capacity is not a "person" amenable to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989)(holding an official acting in his official capacity is not a "person" under §1983). A state official sued in his official capacity is the alter ego of the State of South Carolina, and as such, is not subject to suit pursuant to 42 U.S.C. § 1983. Accordingly, summary judgment should be granted to defendant Officer Toney in his official capacity.

**Denial of Outside Recreation**

In his first claim, the plaintiff alleges his Eighth Amendment rights were violated when he was denied outside recreation on July 15, 2005. (Compl. at 4.) Prison conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id.*  In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements-that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials acted with a sufficiently culpable state of mind.' *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).  Thus, to establish an Eighth Amendment claim based on prison conditions, a prisoner must prove that prison officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)(quotations omitted).  Specifically, prison officials have to consciously disregard a substantial risk of serious harm to an inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Helling v. McKinney*, 509 U.S. 25, 32 (1993).  Furthermore, "to withstand summary judgement on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."  *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

The undersigned is mindful that this Circuit has recognized that, in general, prisoners should be permitted some regular out-of-cell exercise. *Mitchell v. Rice*, 954 F.2d 187, 191-192 (4th Cir.1992). Turning to the plaintiff's claim, however, he has merely alleged he was denied outdoor recreation on one day. There is no allegation that the plaintiff has been denied indoor or "out-of-cell" exercise regularly. Therefore, the plaintiff has not alleged, much less demonstrated, that he has been denied "out-of-cell" exercise regularly. *Ferola v. Dir. South Carolina Dep't of Corrs.*, 2006 WL 2475396 (D.S.C. 2006)(holding there were no allegations or evidence plaintiff was denied "out–of-cell" exercise which would support conditions of confinement claim). Furthermore, the plaintiff has not alleged any injury from the denial of outside recreation. Accordingly, the defendant should be granted summary judgment on this claim.

**Excessive Force Claim**

In his second and third claims, the plaintiff contends the defendant Officer Toney violated his Eighth Amendment protection from cruel and unusual punishment by using excessive force. (Compl. at 5.) Specifically, the plaintiff alleges that Officer Toney threw him into the steel bars of the shower door and repeatedly sprayed him with a chemical agent. (*Id.*)

To establish an Eighth Amendment claim for cruel and unusual punishment, the plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of

mind." *Wilson*, 501 U.S. at 298. The subjective component requires the inmate to show that the officers applied force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The objective component requires the inmate to prove that the use of force was more than de minimis or, in the alternative, that it was repugnant to the conscience of mankind. *Id*. at 9-10. De minimis injury can be conclusive evidence that the force used was also de minimis and, therefore, not violative of constitutional protections. *See Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir.1994).

In the medical records, the plaintiff is quoted as saying, "I told Toney that I would not come out of the shower until a Lt. came and talked to me. Toney sprayed me directly in the face with gas. Then my head was slammed into the steel cage of the shower." (Def.'s Mem. Supp. Summ. J. Mot. Ex. 4 - Med. Records at 30.) As the Fourth Circuit has held, the United States Constitution permits small quantities of pepper spray, or mace, to be used to control recalcitrant inmates. *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996). Officer Toney sprayed eighteen (18) grams of chemical munitions towards the plaintiff. (Pl.'s Mem. Supp. Summ. J. Mot. Ex. E - Disciplinary Proceedings - at 3.) Eighteen grams is considered a small amount of chemical agent[1] and demonstrates Officer Toney's restraint and negates an inference that he acted vindictively or with an

---

[1]*See Townsend v. Anthony*, 2006 WL 2076920 (D.S.C. 2006)(finding 20 grams to be a small amount)(unpublished).

intent to harm the plaintiff. Furthermore, in this record there is no evidence, medical or otherwise, that the plaintiff suffered anything more than a de minimis injury from the chemical munitions administered on July 15, 2005.

The more serious allegation that the plaintiff makes is that Officer Toney "slung" him head first into the steel bars on the shower door. The plaintiff's own version of the events is not consistent with his medical records nor with that of his own purported witnesses. For example, the plaintiff alleges that he did not refuse to obey an order or directive. (Pl.'s Mem. Supp. Summ. J. Mot. at 4; 6.) As noted above, however, in the medical records, the plaintiff is quoted as saying, "I told Toney that I would not come out of the shower until a Lt. came and talked to me. Toney sprayed me directly in the face with gas. Then my head was slammed into the steel cage of the shower." (Def.'s Mem. Supp. Summ. J. Mot. Ex. 4 - Med. Records at 30.)

Turning to the plaintiff's witnesses, Joey Newton, a fellow inmate, stated in his affidavit that Officer Toney and the plaintiff were having a verbal altercation when Officer Toney told the plaintiff he was not going to get a shower. Newton stated that the plaintiff responded "I'm going to get me a shower, you already jacked my rec." (*Id.* Ex. A.) This statement which the plaintiff submitted corroborates Officer Toney's contention that the plaintiff failed to follow a directive. Further, another inmate Christopher Stogner, stated in his affidavit that Officer Toney maced the plaintiff and then "hip-tossed [him] to the floor." (*Id.* Ex. B.) Stogner does not state that Officer Toney slammed the plaintiff's head into the

9

shower door. Last, Joe Anthony, a third inmate, in his affidavit stated that he ran to his cell door when he heard a commotion and witnessed Officer Toney macing the plaintiff. (*Id.* Ex. C.) He further stated that Officer Toney slammed the plaintiff's "head into the bars of the shower stall and concrete floor" and that there was a large puddle of blood in the spot where C/O Toney slammed [the plaintiff's] head into the floor . . ." Anthony did not witness the interaction between the plaintiff and Officer Toney prior to the macing. At best, Anthony's affidavit is some support for the plaintiff's allegation that Officer Toney pushed the plaintiff's head into the door.

However, even assuming this allegation is true. "[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973). *See also Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996) (holding prison officials are entitled to use appropriate force to quell prison disturbances, and acting under pressure without the luxury of a second chance, an inmate must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm). Assuming the plaintiff could meet the objective component, he has failed to meet the subjective component of his Eighth Amendment claim.

Appropriate force may be used by prison officials when it is intended to maintain the discipline within a prison institution or to restore order. *See Hudson*, 503 U.S. at 6; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The subjective component of an

excessive force claim requires an inmate to demonstrate that the force used by an institutional official "inflicted unnecessary and wanton pain and suffering." *Hudson,* 503 U.S. at 7. In evaluating such a claim, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " *Id*. (Internal quotations omitted). In determining whether a prison official acted maliciously and sadistically the court should consider: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *Williams*, 77 F.3d at 762.

There is nothing in the record which suggests that defendant Officer Toney acted maliciously and sadistically. Here, there was a need for a use of force because the plaintiff had been arguing with defendant Officer Toney about the denial of recreation time and then refused a direct order to exit the shower. The use of force appears to have been appropriate in this situation. Accordingly, the undersigned concludes that the plaintiff has not presented a question of material fact as to his claim of excessive force and the defendant Officer Toney should be granted summary judgment.

*Motions for a Temporary Restraining Order and/or Preliminary Injunction*

The plaintiff has filed several motions for a temporary restraining order ("TRO") and/or a preliminary injunction. (Docket Entries # 27, 28 and 35.) Specifically, the plaintiff is seeking an order for his transfer from Lieber Correctional Institution based upon the alleged physical abuse by a Sgt. Manigault. Further, the plaintiff is seeking arrest warrants against any South Carolina Department of Corrections employees who inflict excessive force on him in the future. In his latest motion, the plaintiff also seeks a referral to a cardiologist for his medical care and the that criminal charges be brought against several Lieber employees.[2]

The plaintiff seeks these motions based upon several incidents which have occurred at Lieber since the plaintiff filed this §1983 action. On April 7, 2007, the plaintiff alleges that he was sprayed with chemical munitions by Sgt. Manigault and he was denied a shower after the macing until April 9, 2007. He also alleges Sgt. Manigault has made comments about poisoning the plaintiff's food. Further, the plaintiff alleges the Grievance Coordinator at Lieber, Vera Jenkins, has refused to process his grievances against corrections officials. Lastly, he alleges he is not receiving the proper medical treatment for a cardiac condition.

---

[2] The plaintiff has a separate § 1983 action currently pending in which he alleges, inter alia, claims of medical indifference for the denial of treatment for a heart condition. *Frost v. Ozmint*, C/A No. 8:07-83 (D.S.C. filed Jan. 10, 2007).

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both Preliminary Injunctions and TROs.  Pursuant to Rule 65, "a temporary restraining order may be granted . . . only if it clearly appears from specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant."  Further, in considering whether to issue an injunction under Rule 65(b), the Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the Court denies the preliminary injunction; (2) the likelihood of harm to the defendants if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits of this underlying claim; and (4) the public interest. *Smith v. Ozmint*, 444 F. Supp.2d 502, 504 (D.S.C. 2006).  The plaintiff has not shown that irreparable harm is likely if his motions are denied.  More importantly, the allegations underlying the plaintiff's motion involve employees at Lieber and have nothing to do with the defendant Officer Toney or claims alleged in the present action.  The Lieber employees are not named as defendants in this § 1983 action.  The court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not before the court. *Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).  *See also Wells v. Jacobs*, 2004 WL 1146028 (W.D.N.Y. 2004)(holding court did not have personal jurisdiction over persons named in the TRO motion who were not defendants in the action). In addition, the court notes that it does not have the authority to order the transfer of the plaintiff. *See Meachum v. Fano*, 427 U.S. 215 (1976) (holding transfer of

convicted and sentenced inmate is within the sound discretion of the BOP). Accordingly, the plaintiff's motions for a TRO and/or for a preliminary injunction should be denied.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendant's Motion for Summary Judgment (#9) be GRANTED; the Plaintiff's Motion for Summary Judgment (#13) and Motions Temporary Restraining Order (#27, #28, and #35) be DENIED; and the Plaintiff's complaint be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that if the District Court adopt this report that the plaintiff's motions to strike (#12) be DENIED as moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

October 30, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk<br>
United States District Court<br>
P.O. Box 10768<br>
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).