IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Frost, Jr., ) | C/A No.: 8:07-108-JFA-BHH |
| ) | |
| Plaintiff, ) | |
| vs. ) | O R D E R |
| ) | |
| Officer G. Toney, in his official and individual ) | |
| capacities, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The *pro se* plaintiff, Robert Frost, Jr., is an inmate with the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 contending that he was allegedly subjected to excessive force by the defendant following a disagreement in which he was forcibly removed from the shower.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation suggesting that the motion by the defendant for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff did respond to the motion.

1

matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on October 30, 2007. Within the time limits prescribed by the local rules of this district, the plaintiff filed an objection to the Report.[3]

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court is constrained to disagree with the Magistrate Judge's recommendation. It appears to the undersigned that genuine issues of material fact exist to prevent an award of summary judgment in this case at this time.

The Magistrate Judge opines that the plaintiff has failed to show that the use of force causing plaintiff to hit his head was inappropriate under the circumstances. However, it appears that the facts of this case are in sharp dispute and for this reason summary judgment is inappropriate. For the foregoing reasons, the court rejects the Report and denies the defendant's motion for summary judgment.

The plaintiff's motions for summary judgment (doc. 13), to strike and for sanctions (doc. 12), for a temporary restraining order and preliminary injunction (docs. 27, 28, and 35)

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

are all denied.

This matter will be will calendared for trial during the term of court beginning March 4, 2008. In preparation for trial, the court wishes to conduct a pretrial conference with the plaintiff and the attorneys for the defendant. This pretrial conference will be conducted in courtroom number IV of the Matthew J. Perry, Jr. Federal Courthouse at 10:00 a.m. on Thursday, February 28, 2008. The South Carolina Department of Corrections is requested to make arrangements to have the plaintiff transported to the pretrial conference.

At the pretrial conference, the parties should be prepared to advise the court of the witnesses that will be called on each side, and to offer the originals of all exhibits that will be introduced into evidence. Witnesses and exhibits not produced and disclosed at the February 28 pretrial conference will not be allowed at trial.

The Clerk is requested to send a copy of this court's pretrial instructions to the parties under separate cover.

IT IS SO ORDERED.

                                                  Joseph F. Anderson, Jr.
February 13, 2008                               United States District Judge
Columbia, South Carolina